IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:  1:16-cv-01215-WJM-CBS

DUPLASS, ZWAIN, BOURGEOIS,
PFISTER & WEINSTOCK APLC 401(K)
PLAN,

      Plaintiff,

v.

GREAT-WEST CAPITAL MANAGEMENT, LLC,

      Defendant.

---

**ANSWER TO PLAINTIFF'S COMPLAINT**

---

## ANSWER TO COMPLAINT

Defendant Great-West Capital Management, LLC ("Defendant" or "GWCM"), by and through its undersigned counsel, hereby answers Plaintiff's Complaint (the "Complaint") as set forth below.  Except as specifically admitted, Defendant denies the allegations of the Complaint.

1.    Defendant neither admits nor denies the allegations in Paragraph 1 of the Complaint insofar as said allegations constitute conclusions of law and otherwise denies the allegations in Paragraph 1 of the Complaint, except admits that Plaintiff purports to bring this action for breach of fiduciary duty under Section 36(b) of the Investment Company Act of 1940 ("ICA").  Defendant denies that Plaintiff has any claim under Section 36(b).

2.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint and on that basis denies the allegations.  Defendant further denies that the Plan is an "investor."

3.    Defendant neither admits nor denies the allegations in Paragraph 3 of the Complaint insofar as said allegations constitute conclusions of law and otherwise denies the allegations in Paragraph 3, except admits that Plaintiff purports to bring this action derivatively against Defendant on behalf of the Great-West Funds identified in Paragraph 3.  Defendant denies that Plaintiff has any claim under Section 36(b).

4.    Defendant denies the allegations in Paragraph 4 of the Complaint, except admits that GWCM serves as investment adviser for the Great-West Funds, including those on behalf of which Plaintiff purports to bring this action (the "At-Issue Funds").

5.      Defendant admits that Plaintiff purports to seek damages and other relief for its claims against Defendant, but denies that Plaintiff is entitled to damages or any other relief, and otherwise denies the allegations in Paragraph 5 of the Complaint.

6.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint and on that basis denies the allegations.  Defendant further denies that the Plan is an "investor."

7.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint and on that basis denies the allegations.

8.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint and on that basis denies the allegations.

9.      Defendant admits that GWCM is a Colorado limited liability company, located at 8515 East Orchard Road, Greenwood Village, Colorado 80111.

10.      Defendant admits that it is registered with the U.S. Securities and Exchange Commission ("SEC") as an investment adviser under the Investment Advisers Act of 1940.

11.      Defendant admits that it is the investment adviser for the Great-West Funds, including the At-Issue Funds, pursuant to an Amended and Restated Investment Advisory Agreement dated May 1, 2015, and otherwise denies the allegations in Paragraph 11 of the Complaint.

12.     Defendant neither admits nor denies the allegations in Paragraph 12 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 12 of the Complaint.

13.     Defendant neither admits nor denies the allegations in Paragraph 13 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 13 of the Complaint.

14.     Defendant neither admits nor denies the allegations in Paragraph 14 of the Complaint insofar as said allegations constitute conclusions of law and otherwise denies the allegations in Paragraph 14 of the Complaint, except admits that GWCM transacts business in the District of Colorado.

15.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint and on that basis denies the allegations, and respectfully refers the Court to the authorities referred to in Paragraph 15 for the full content and context thereof.

16.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint and on that basis denies the allegations, and respectfully refers the Court to the statute referred to in Paragraph 16 of the Complaint for the full content and context thereof.

17.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint and on that basis denies the allegations, and respectfully refers the Court to the report referred to in Paragraph 17 of the Complaint for the full content and context thereof.

18.     Defendant neither admits nor denies the allegations in Paragraph 18 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 and on that basis denies the allegations, and respectfully refers the Court to the statute referred to in Paragraph 18 for the full content and context thereof.

19.     Defendant neither admits nor denies the allegations in Paragraph 19 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 19 and respectfully refers the Court to the case and Senate Report referred to in Paragraph 19 for the full content and context thereof.

20.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint and on that basis denies the allegations and respectfully refers the Court to the article referred to in Paragraph 20 for the full content and context thereof.

21.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint and on that basis denies the allegations, except admits that mutual funds are typically governed by a board of directors that is responsible for approving advisory fees, among other things.

22.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint and on that basis denies the allegations and respectfully refers the Court to the source of the statement

referred to in Paragraph 22 (for which Plaintiff provides no citation) for the full content and context thereof.

23.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint and on that basis denies the allegations and respectfully refers the Court to the case referred to in Paragraph 23 for the full content and context thereof.

24.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint and on that basis denies the allegations and respectfully refers the Court to the annual report to shareholders referred to in Paragraph 24 for the full content and context thereof.

25.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint and on that basis denies the allegations and respectfully refers the Court to the case referred to in Paragraph 25 for the full content and context thereof.

26.     Defendant neither admits nor denies the allegations in Paragraph 26 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 26 and respectfully refers the Court to the letter and Senate Report referred to in Paragraph 26 for the full content and context thereof.

27.     Defendant neither admits nor denies the allegations in Paragraph 27 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 27 and respectfully refers the Court to the cases referred to in Paragraph 27 for the full content and context thereof.

28.     Defendant neither admits nor denies the allegations in Paragraph 28 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 28.

29.     Defendant admits that as of April 29, 2016, the Great-West Funds were governed by a Board of Directors comprised of four individuals; that David L. Musto was the President and Chief Executive Officer of GWCM and the President of Great-West Investments, a business unit of Great-West Life & Annuity Insurance Company ("GWL&A"), which is an affiliate of GWCM; and that prior to April 25, 2016, Robert K. Shaw served as Chairman, President, and Chief Executive Officer of GWCM and an Executive of GWL&A, and otherwise denies the allegations in Paragraph 29.

30.     Defendant admits that the Great-West Funds' Board is responsible for overall management of the Great-West Funds, including approval of investment advisory fees.

31.     Defendant admits that the At-Issue Funds are among the more than 60 funds issued by Great-West Funds, Inc., which is registered with the SEC as an open-end management investment company.

32.     Defendant admits that it is the investment adviser for the Great-West Funds, including the At-Issue Funds, pursuant to an Amended and Restated Investment Advisory Agreement dated May 1, 2015, and otherwise denies the allegations in Paragraph 32 of the Complaint.

33.     Defendant neither admits nor denies the allegations in Paragraph 33 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 33.

34.     Defendant denies the allegations in Paragraph 34 of the Complaint.

35.     Defendant admits that Plaintiff purports to bring claims on behalf of four Great-West index funds, admits the descriptions of index funds and benchmark indexes in Paragraph 35 of the Complaint, and otherwise denies the allegations in Paragraph 35.

36.     Defendant admits the descriptions of the S&P 500 Index, the S&P Mid Cap 400 Index, and the S&P Small Cap 600 Index in Paragraph 36 of the Complaint.

37.     Defendant denies the allegations in Paragraph 37 of the Complaint.

38.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint and on that basis denies the allegations.

39.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint and on that basis denies the allegations, except admits that the Great-West S&P 500® Index Fund, the Great-West S&P Mid Cap 400® Index Fund, and the Great-West S&P Small Cap 600® Index Fund are passively managed and designed to track their respective benchmark indexes; each invests at least 80% of its net assets in common stocks of the benchmark index; and each seeks to achieve its goal of tracking the benchmark index by owning the same securities contained in the index in as close as possible a proportion of the

fund as each stock's weight in the benchmark index.  Defendant respectfully refers the Court to the fact sheets referred to in Paragraph 39 for the full content and context thereof.

40.     Defendant denies the allegations in Paragraph 40 of the Complaint, except admits that GWCM charges the Great-West S&P 500® Index Fund, the Great-West S&P Mid Cap 400® Index Fund, and the Great-West S&P Small Cap 600® Index Fund a management fee of 25 basis points (.25%) of the fund's average daily net assets.

41.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint and on that basis denies the allegations, except admits that the Great-West Real Estate Index Fund is passively managed; its benchmark is the Dow Jones U.S. Select REIT Index, a market capitalization-weighted index of publicly traded equity real estate investment trusts; and under normal circumstances invests at least 80% of its net assets in securities included in the benchmark index.

42.     Defendant denies the allegations in Paragraph 42 of the Complaint, except admits that GWCM charges the Great-West Real Estate Index Fund a management fee of 35 basis points, and that prior to April 29, 2016, Defendant paid to a sub-adviser the approximate amount set forth in Paragraph 42.

43.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint and on that basis

denies the allegations, except admits that the Great-West Lifetime Funds are target date or asset allocation funds.

44.     Defendant denies the allegations in Paragraph 44 of the Complaint.

45.     Defendant denies the allegations in Paragraph 45 of the Complaint.

46.     Defendant denies the allegations in Paragraph 46 of the Complaint.

47.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint and on that basis denies the allegations, except admits that the Great-West Lifetime 2025 Fund II, the Great-West Lifetime 2035 Fund II, the Great-West Lifetime 2045 Fund II, and the Great-West Lifetime 2055 Fund II, were offered among the Great-West Funds prior to April 22, 2016, when those funds were merged into the Great-West Lifetime 2025 Fund, Great-West Lifetime 2035 Fund, Great-West Lifetime 2045 Fund, and Great-West Lifetime 2055 Fund, respectively.

48.     Defendant denies the allegations in Paragraph 48 of the Complaint.

49.     Defendant neither admits nor denies the allegations in Paragraph 49 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 49, except admits that GWCM receives from the Lifetime Funds a management fee of 12 basis points of the average daily net assets under management.

50.     Defendant neither admits nor denies the allegations in Paragraph 50 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 50, except admits that the Lifetime Funds pay

GWCM Acquired Fund Fees and Expenses for the underlying funds that GWCM manages.

51.     Defendant denies the allegations in Paragraph 51 of the Complaint, except admits that GWCM is the investment adviser for the Great-West Funds and has executed sub-advisory agreements with other investment advisers in connection with certain of the At-Issue Funds.

52.     Defendant denies the allegations in Paragraph 52 of the Complaint and respectfully refers the Court to the sub-advisory agreements referred to in Paragraph 52 for the full content and context thereof.

53.     Defendant denies the allegations in Paragraph 53 of the Complaint.

54.     Defendant denies the allegations in Paragraph 54 of the Complaint.

55.     Defendant denies the allegations in Paragraph 55 of the Complaint, except admits that each sub-adviser's fees are paid by GWCM out of the management fees paid by the fund to GWCM.

56.     Defendant denies the allegations in Paragraph 56 of the Complaint, including but not limited to the fees alleged in Table 1.

57.     In response to Paragraph 57 of the Complaint, Defendant repeats and realleges the foregoing responses to each and every allegation in Paragraphs 1-56 of the Complaint and otherwise incorporates the responses contained above.

58.     Defendant denies the allegations in Paragraph 58 of the Complaint, except admits that GWCM collects a 35 basis point management fee on the Great-West

Real Estate Index Fund and, prior to April 29, 2016, paid the approximate amount to a sub-adviser on that fund as set forth in Paragraph 58.

59.     Defendant denies the allegations in Paragraph 59 of the Complaint.

60.     Defendant denies the allegations in Paragraph 60 of the Complaint.

61.     Defendant denies the allegations in Paragraph 61 of the Complaint.

62.     Defendant denies the allegations in Paragraph 62 of the Complaint.

63.     Defendant denies the allegations in Paragraph 63 of the Complaint and respectfully refers the Court to the Investment Advisory Agreement referred to in Paragraph 63 for the full content and context thereof.

64.     Defendant admits that GWL&A, a GWCM affiliate, provides recordkeeping and administrative services to the Great-West Funds under an Administrative Services Agreement and receives from certain classes of shareholders a 35 basis point fee that is separate from the management fee, but otherwise denies the allegations in Paragraph 64.

65.     Defendant denies the allegations in Paragraph 65 of the Complaint.

66.     Defendant denies the allegations in Paragraph 66 of the Complaint.

67.     Defendant denies the allegations in Paragraph 67 of the Complaint, except admits that as of April 29, 2016, GWCM had replaced Mellon Capital Management Corporation ("Mellon Capital") as sub-adviser to the Great-West index funds it sub-advised, and Geode Capital Management, LLC as the sub-adviser to the Great-West Real Estate Index Fund, with Irish Life Investment Managers Limited, which is a Great-West affiliate.  Defendant also admits that following the sub-adviser changes,

the management fee to those Great-West index funds remained the same, and the sub-advisory fees either remained the same or decreased.

68.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of the Complaint and on that basis denies the allegations, and otherwise denies the allegations in Paragraph 68 of the Complaint.

69.     Defendant denies the allegations in Paragraph 69 of the Complaint, except admits that the Great-West S&P 500® Index Fund has an expense ratio of 60 basis points on the Initial Class.

70.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of the Complaint and on that basis denies the allegations and respectfully refers the Court to the article referred to in Paragraph 70 for the full content and context thereof, and otherwise denies the allegations in Paragraph 70 of the Complaint.

71.     Defendant denies the allegations in Paragraph 71 of the Complaint.

72.     Defendant denies the allegations in Paragraph 72 of the Complaint.

73.     Defendant denies the allegations in Paragraph 73 of the Complaint.

74.     Defendant denies the allegations in Paragraph 74 of the Complaint.

75.     Defendant denies the allegations in Paragraph 75 of the Complaint.

76.     Defendant neither admits nor denies the allegations in Paragraph 76 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 76.

77.     Defendant denies the allegations in Paragraph 77 of the Complaint, except admits that prior to April 29, 2016, GWCM contracted with Mellon Capital to perform sub-advisory services, and negotiated Mellon Capital's fee at arm's length.

78.     Defendant denies the allegations in Paragraph 78 of the Complaint.

79.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 of the Complaint and on that basis denies the allegations and respectfully refers the Court to the article referred to in Paragraph 79 for the full content and context thereof.

80.     Defendant denies the allegations in Paragraph 80 of the Complaint.

81.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 of the Complaint and on that basis denies the allegations and respectfully refers the Court to the reports referred to in Paragraph 81 for the full content and context thereof, and otherwise denies the allegations in Paragraph 81 of the Complaint.

82.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 of the Complaint and on that basis denies the allegations, and otherwise denies the allegations in Paragraph 82 of the Complaint.

83.     Defendant denies the allegations in Paragraph 83 of the Complaint, except admits that the funds listed in Paragraph 83 had end of year net assets of approximately the amounts set forth in Table 3 in Paragraph 83.

84.     Defendant denies the allegations in Paragraph 84 of the Complaint.

85.      Defendant denies the allegations in Paragraph 85 of the Complaint.

86.      Defendant denies the allegations in Paragraph 86 of the Complaint.

87.      Defendant denies the allegations in Paragraph 87 of the Complaint, except admits that prior to April 29, 2016, Mellon Capital received the approximate amount as set forth in Paragraph 87 on the Great-West S&P Mid Cap 400[®] Index Fund, and GWCM's management fee on that fund does not have breakpoints.

88.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 of the Complaint and on that basis denies the allegations and respectfully refers the Court to the authorities referred to in Paragraph 88 for the full content and context thereof, and otherwise denies the allegations in Paragraph 88 of the Complaint.

89.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of the Complaint and on that basis denies the allegations.

90.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 of the Complaint and on that basis denies the allegations.

91.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 of the Complaint and on that basis denies the allegations.

92.      Defendant denies the allegations in Paragraph 92 of the Complaint.

93.      Defendant denies the allegations in Paragraph 93 of the Complaint.

94.     Defendant neither admits nor denies the allegations in Paragraph 94 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 94.

95.     Defendant neither admits nor denies the allegations in Paragraph 95 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 95, except admits that GWCM receives fees from the Lifetime Funds.

96.     Defendant neither admits nor denies the allegations in Paragraph 96 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 96.

97.     Defendant neither admits nor denies the allegations in Paragraph 97 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 97.

98.     Defendant denies the allegations in Paragraph 98 of the Complaint.

99.     Defendant neither admits nor denies the allegations in Paragraph 99 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 99.

100.    In response to Paragraph 100 of the Complaint, Defendant repeats and realleges the foregoing responses to each and every allegation in Paragraphs 1-99 of the Complaint and otherwise incorporates the responses contained above.

101.    Defendant neither admits nor denies the allegations in Paragraph 101 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise

denies the allegations in Paragraph 101, except admits that the Lifetime Funds pay a management fee of 12 basis points to GWCM.

102.     Defendant denies the allegations in Paragraph 102 of the Complaint.

103.     Defendant denies the allegations in Paragraph 103 of the Complaint.

104.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104 of the Complaint and on that basis denies the allegations.

105.     Defendant neither admits nor denies the allegations in Paragraph 105 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 105 and respectfully refers the Court to the case referred to in Paragraph 105 for the full content and context thereof.

106.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 of the Complaint and on that basis denies the allegations.

107.     Defendant admits that the Lifetime Funds pay a management fee of 12 basis points to GWCM, and that certain classes of the Lifetime Funds pay a 35 basis point fee for recordkeeping and administrative services to GWL&A, and otherwise denies the allegations in Paragraph 107.

108.     Defendant denies the allegations in Paragraph 108 of the Complaint, except admits that the Lifetime Funds listed in Paragraph 108 had end of year net assets of approximately the amounts set forth in Table 5 in Paragraph 108.

109.    Defendant admits that the end of year net assets for the Lifetime Funds listed in Table 5 increased by the approximate amounts indicated in Paragraph 109, and otherwise denies the allegations in Paragraph 109.

110.    Defendant admits that GWCM received a management fee of .12% or 12 basis points of the average daily net assets on the Lifetime Funds referred to in Paragraph 110 for the period of 2010-2014.

111.    Defendant denies the allegations in Paragraph 111 of the Complaint, except admits that in fiscal years 2012, 2013, and 2014, GWCM was paid approximately the amounts set forth in Table 6 in management fees for the Lifetime Funds listed in the table.

112.    Defendant denies the allegations in Paragraph 112 of the Complaint, except admits that GWCM has collected management fees from the four Lifetime Funds referred to in Paragraph 112 in the approximate amounts indicated in Paragraph 112.

113.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 113 of the Complaint and on that basis denies the allegations.

114.    Defendant denies the allegations in Paragraph 114 of the Complaint.

115.    Defendant denies the allegations in Paragraph 115 of the Complaint.

116.    Defendant denies the allegations in Paragraph 116 of the Complaint.

117.    Defendant denies the allegations in Paragraph 117 of the Complaint.

118.    Defendant neither admits nor denies the allegations in Paragraph 118 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise

denies the allegations in Paragraph 118.  Defendant also repeats and realleges the foregoing responses to each and every allegation in Paragraph 49 of the Complaint, and otherwise incorporates these responses.

119.    Defendant neither admits nor denies the allegations in Paragraph 119 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 119.

120.    Defendant neither admits nor denies the allegations in Paragraph 120 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 120.

121.    Defendant denies the allegations in Paragraph 121 of the Complaint.

122.    Defendant denies the allegations in Paragraph 122 of the Complaint.

123.    Defendant neither admits nor denies the allegations in Paragraph 123 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 123 of the Complaint.

124.    Defendant admits that Plaintiff purports to seek damages pursuant to Section 36(b)(3) of the ICA, and rescission under Section 47(b) of the ICA, but denies that Plaintiff has any claim under those sections or is entitled to damages, rescission, or any other relief, and otherwise denies the allegations in Paragraph 124 of the Complaint.

125.    In response to Paragraph 125 of the Complaint, Defendant repeats and realleges the foregoing responses to each and every allegation in Paragraphs 1-124 of the Complaint and otherwise incorporates the responses contained above.

126.    Defendant denies the allegations in Paragraph 126 of the Complaint, except admits that the Lifetime Funds pay GWCM Acquired Fund Fees and Expenses for the underlying funds that GWCM manages, in addition to the management fee on the Lifetime Funds.

127.    Defendant denies the allegations in Paragraph 127 of the Complaint.

128.    Defendant denies the allegations in Paragraph 128 of the Complaint.

129.    Defendant neither admits nor denies the allegations in Paragraph 129 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 129.

130.    Defendant denies the allegations in Paragraph 130 of the Complaint, except admits that the Lifetime Funds referred to in Paragraph 130 have invested in the Great-West index funds referred to in Paragraph 130.

131.    Defendant denies the allegations in Paragraph 131 of the Complaint, and repeats and realleges the foregoing responses to each and every allegation in Paragraphs 58-100 of the Complaint and otherwise incorporates those responses.

132.    Defendant denies the allegations in Paragraph 132 of the Complaint, except admits that the Lifetime Funds referred to in Paragraph 132 have invested in the sub-advised Great-West Funds referred to in Paragraph 132.

133.    Defendant neither admits nor denies the allegations in Paragraph 133 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 133.

134.    Defendant denies the allegations in Paragraph 134 of the Complaint, except admits that the Great-West Funds listed in Table 8 are sub-advised funds.

135.    Defendant denies the allegations in Paragraph 135 of the Complaint.

136.    Defendant denies the allegations in Paragraph 136 of the Complaint.

137.    Defendant denies the allegations in Paragraph 137 of the Complaint.

138.    Defendant admits that GWL&A provides administrative and recordkeeping services to the Great-West Funds under an Administrative Services Agreement dated May 1, 2015 and receives from certain classes of shareholders a 35 basis point fee, but otherwise denies the allegations in Paragraph 138.

139.    Defendant denies the allegations in Paragraph 139 of the Complaint, except admits that each sub-adviser's fees are paid by GWCM out of the management fees paid by the fund to GWCM.

140.    Defendant denies the allegations in Paragraph 140 of the Complaint.

141.    Defendant repeats and realleges the foregoing responses to each and every allegation in Paragraphs 82-94 of the Complaint and otherwise incorporates those responses.  Defendant otherwise denies the allegations in Paragraph 141, but admits that the funds listed in Paragraph 141 had end of year net assets of approximately the amounts set forth in Table 9 in Paragraph 141, except denies the end of year net assets alleged for the Great-West American Century Growth Fund.

142.    Defendant denies the allegations in Paragraph 142 of the Complaint.

143.    Defendant denies the allegations in Paragraph 143 of the Complaint.

144.    Defendant denies the allegations in Paragraph 144 of the Complaint.

145.    Defendant denies the allegations in Paragraph 145 of the Complaint.

146.    Defendant neither admits nor denies the allegations in Paragraph 146 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 146 of the Complaint.

147.    Defendant denies the allegations in Paragraph 147 of the Complaint.

148.    Defendant denies the allegations in Paragraph 148 of the Complaint.

149.    Defendant denies the allegations in Paragraph 149 of the Complaint.

150.    Defendant neither admits nor denies the allegations in Paragraph 150 of the Complaint insofar as said allegations constitute conclusions of law.  Defendant repeats and realleges the foregoing responses to each and every allegation in Paragraphs 95-100 of the Complaint and otherwise incorporates those responses, and otherwise denies the allegations in Paragraph 150.

151.    Defendant neither admits nor denies the allegations in Paragraph 151 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 151 of the Complaint.

152.    Defendant neither admits nor denies the allegations in Paragraph 152 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 152 of the Complaint.

153.    Defendant admits that Plaintiff purports to seek damages pursuant to Section 36(b)(3) of the ICA, and rescission under Section 47(b) of the ICA, but denies that Plaintiff has any claim under those sections or is entitled to damages, rescission, or

any other relief, and otherwise denies the allegations in Paragraph 153 of the Complaint.

154.    Defendant denies the allegations in Paragraph 154 of the Complaint.

155.    Defendant denies the allegations in Paragraph 155 of the Complaint, except admits that GWCM's Investment Advisory Agreement is approved annually by the Great-West Funds' Board of Directors.

156.    Defendant denies the allegations in Paragraph 156 of the Complaint, except admits that as of April 29, 2016, there were four members of the Great-West Funds' Board of Directors.

157.    Defendant denies the allegations in Paragraph 157 of the Complaint.

158.    Defendant denies the allegations in Paragraph 158 of the Complaint.

159.    Defendant denies the allegations in Paragraph 159 of the Complaint.

160.    Defendant denies the allegations in Paragraph 160 of the Complaint.

161.    Defendant denies the allegations in Paragraph 161 of the Complaint.

162.    Defendant denies the allegations in Paragraph 162 of the Complaint.

163.    Defendant denies the allegations in Paragraph 163 of the Complaint.

164.    Defendant denies the allegations in Paragraph 164 of the Complaint.

165.    Defendant denies the allegations in Paragraph 165 of the Complaint.

166.    Defendant neither admits nor denies the allegations in Paragraph 166 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 166 of the Complaint.

167.   Defendant neither admits nor denies the allegations in Paragraph 167 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 167 of the Complaint.

168.   Defendant neither admits nor denies the allegations in Paragraph 168 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 168 of the Complaint, except admits that Plaintiff purports to seek damages pursuant to Section 36(b)(3) of the ICA, and rescission under Section 47(b) of the ICA, but denies that Plaintiff has any claim under those sections or is entitled to damages, rescission, or any other relief.

169.   Defendant denies each and every averment in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

170.   By alleging the Affirmative Defenses set forth below, Defendant intends no alteration of the burden of proof and/or burden of going forward with evidence which otherwise exists with respect to any particular issues at law or in equity.  Furthermore, all such defenses are pleaded in the alternative, and do not constitute an admission of liability or that Plaintiff is entitled to any relief whatsoever.

### First Defense

171.   The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

172.   Plaintiff lacks standing to bring the claims asserted in the Complaint.

### Third Defense

173.   The Court lacks subject matter jurisdiction over Plaintiff's claims.

### Fourth Defense

174.   Plaintiff's claims are barred in whole or in part by the applicable statute of limitations and the one-year "look-back" statutory limitation on damages.

### Fifth Defense

175.   Defendant did not engage in any conduct that would constitute a breach of fiduciary duty.

### Sixth Defense

176.   Plaintiff's claims are barred in whole or in part by the doctrines of laches, waiver, estoppel, unclean hands, and/or ratification.

### Seventh Defense

177.   Plaintiff has not suffered any losses or damages proximately caused by its investment in the Great-West Funds or by any breach of fiduciary duty as set forth in the Complaint.

### Eighth Defense

178.   At the time Plaintiff first became an alleged shareholder of the At-Issue Funds, it was or should have been aware that a management fee equal to or greater than that now in effect had been approved by a majority of the Board of Directors of the Great-West Funds.  Plaintiff was fully informed of all material facts concerning investing in the Great-West Funds, including the level and calculation of GWCM's compensation,

and knowingly entered into the investment.  On this basis, Plaintiff is estopped and precluded from maintaining this action on behalf of the At-Issue Funds.

### Ninth Defense

179.   Defendant acted at all times and in all respects in good faith and with due care.

### Tenth Defense

180.   The Independent Directors of the Great-West Funds received adequate information from Defendant and exercised good faith business judgment in approving the Investment Advisory Agreement in effect when Plaintiff allegedly became a shareholder, and in subsequently approving renewals of the Investment Advisory Agreement containing the management fees currently in effect.

### Eleventh Defense

181.   To the extent that this action seeks exemplary or punitive damages, any such relief would violate the Defendant's rights to procedural and substantive due process.

### Twelfth Defense

182.   Plaintiff cannot challenge only a portion of the services provided pursuant to the Investment Advisory Agreement, as all services should be considered in assessing whether a violation of Section 36(b) has occurred.

<u>Thirteenth Defense</u>

183.    Defendant hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during pre-trial proceedings in this case and hereby reserves all rights to assert such defenses.

Dated:  August 15, 2016                    Respectfully submitted,


                                           *s/ Sean M. Murphy*
                                           Sean M. Murphy
                                           Milbank, Tweed, Hadley & McCloy, LLP
                                           28 Liberty Street
                                           New York, NY 10005
                                           Telephone: 212.530.5688
                                           Facsimile: 212.822.5688
                                           smurphy@milbank.com

                                           Robert J. Liubicic
                                           Milbank, Tweed, Hadley & McCloy, LLP
                                           2029 Century Park East, 33rd Floor
                                           Los Angeles, CA 90067
                                           Telephone: 424.386.4525
                                           Facsimile: 213.629.5063
                                           rliubicic@milbank.com

                                           Edward C. Stewart (#23834)
                                           Wheeler Trigg O'Donnell, LLP
                                           370 Seventeenth Street, Suite 4500
                                           Denver, CO  80202-5647
                                           Telephone: 303.244.1800
                                           Facsimile: 303.244.1879
                                           stewart@wtotrial.com

                                           Robert M. Little
                                           Great-West Life & Annuity Insurance Company
                                           8525 East Orchard Road, 2T3
                                           Greenwood Village, CO 80111
                                           Telephone: 303.737.5089
                                           Facsimile: 303.737.1699
                                           bob.little@gwl.com

                                           *Attorneys for Defendant, Great-West Capital*
                                           *Management, LLC*

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on August 15, 2016, I caused the foregoing to be

electronically filed with the Clerk of Court using the CM/ECF system, which will send

notification to all counsel of record.

- **Mark T. Johnson**
  mjohnson@schneiderwallace.com
- **Robert M. Little**
  bob.little@greatwest.com
- **Sean M. Murphy**
  smurphy@milbank.com
- **Robert J. Liubicic**
  rliubicic@milbank.com
- **Edward C. Stewart**
  stewart@wtotrial.com

*s/ Sean M. Murphy*
Sean M. Murphy
Milbank, Tweed, Hadley & McCloy, LLP
28 Liberty Street
New York, NY 10005
Telephone: 212.530.5688
Facsimile: 212.822.5688
smurphy@milbank.com

*Attorney for Defendant, Great-West Capital Management, LLC*